UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAVEVA RAMON GARCIA, | Case No. 2:15-cv-01431-JAD-PAL |
| Plaintiff, | ORDER |
| v. | (Mot File Amd Complt (Dkt. #38) |
| WAL-MART STORES, INC., | (Mot Seal – Dkt. #43) |
| Defendant. | |

Before the court is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #38) filed February 25, 2016, and Supplemental Motion for Leave to File Amended Complaint (Dkt. #40). The court has considered the motion, supplemental motion, Defendant Wal-Mart Stores' Opposition (Dkt. #42), and Plaintiff's Reply (Dkt. #44). In addition, Wal-Mart filed a Motion to File Documents Under Seal Pursuant to LR 10-5 (Dkt. #43).

The complaint in this case was filed in state court and removed (Dkt. #1) by Wal-Mart July 27, 2015. It alleges a negligence claim arising out of Plaintiff's slip and fall at a Wal-Mart store located at 201 N. Nellis Blvd. in Las Vegas, Nevada on November 3, 2014. In the current motion Plaintiff seeks leave to file an amended complaint to add Wal-Mart employee, Francisco Rosa, as a Defendant. Rosa was deposed on January 28, 2016, and admitted that he caused the spill of the cooking oil on which Plaintiff fell. The proposed amended complaint is attached to the Supplemental Motion for Leave to File Amended Complaint (Dkt. #40).

Wal-Mart opposes the motion arguing the proposed amendment is untimely and that Plaintiff is not showing diligence in attempting to meet the court's discovery plan and scheduling order deadline establishing a December 24, 2015 deadline for filing a motion to amend the pleadings or add parties. This motion was filed more than two months after the deadline for amending the pleadings. Additionally, Wal-Mart disclosed Francisco Rosa as a witness on

1

1 October 15, 2015, and produced Mr. Rosa's written statement in which he explained that he had inadvertently caused the cooking oil spill as he was fixing a display. Thus, Plaintiff has no excuse for failing to comply with the discovery plan and scheduling order deadline for amending the pleadings.

Plaintiff replies that at the January 26, 2016 hearing on the parties' discovery disputes, Plaintiff's counsel specifically advised the court of the possible need to join additional parties depending on the deposition testimony of Wal-Mart employees that had yet to be taken. Mr. Rosa was deposed January 28, 2016, and based on his testimony, Plaintiffs seek leave to amend.

Having reviewed and considered the matter, the court finds that the motion to amend the complaint was not timely filed in compliance with the court's discovery plan and scheduling order. Plaintiff has not established good cause for failure to comply with the discovery plan and scheduling order deadlines, or excusable neglect for the failure to comply with the deadline. Mr. Rosa was disclosed in Wal-Mart's initial disclosures, his statement acknowledging he spilled the oil alleged to have cause the accident was provided, and Plaintiff did not need his deposition to confirm what Wal-Mart disclosed in discovery, or to file a motion to amend the complaint. The discovery cutoff expired March 23, 2016 and Wal-Mart timely filed its motion for summary judgement April 22, 2016. The motion is therefore denied as untimely.

Wal-Mart's motion to seal seeks to seal Mr. Rosa's declaration in support of the opposition to the motion to amend because it contains private financial information. Having reviewed and considered the matter, the court will deny the motion to seal the declaration in its entirety, but permit Wal-Mart to file a redacted declaration which redacts the amount of his pay. The balance of the declaration merely states the period of time in which he was employed, the position in which he was employed, that he worked full time, does not own any real property, and has a son a wife as dependents. Wal-Mart may also redact the amount of his monthly rent. This information does not implicate privacy concerns that overcome the presumption of public access to judicial files and records.

For the reasons explained,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #38) is **DENIED** as untimely.
2. Wal-Mart's Motion to file Documents Under Seal (Dkt. #43) is **DENIED**; however, Wal-Mart may file a redacted version of Mr. Rosa's declaration on the court record consistent with this order.

DATED this 9th day of May, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3