UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Genoveva Ramon Garcia,<br><br>    Plaintiff<br><br>v.<br><br>Wal-Mart Stores, Inc.,<br><br>    Defendant | 2:15-cv-01431-JAD-PAL<br><br>**Order Denying Wal-Mart's Motion for Summary Judgment**<br><br>[ECF No. 45] |

    Genoveva Ramon Garcia was allegedly injured when she slipped and fell on a slick of cooking oil while shopping at a Las Vegas Wal-Mart, and she sues Wal-Mart Stores, Inc. for negligence.[1] Wal-Mart now moves for summary judgment, arguing that there is no evidence that it acted unreasonably and that it had warned Garcia about the dangerous condition of the floor.[2] Garcia responds that whether Wal-Mart acted reasonably is disputed because there is evidence that Fernando Rosa, the employee who created the dangerous condition, did not follow Wal-Mart's safety policies and that, rather than provide a warning, the employee's actions worsened the condition.[3]

    Because it is uncontested that Rosa created and attempted to remedy the hazardous condition, the remaining question in this case is whether he acted reasonably under the circumstances. Because this is a factual question that is best suited for a jury, not a question of law that can be settled on a motion for summary judgment, I deny Wal-Mart's motion and refer this case to a magistrate judge for a mandatory settlement conference.

---

[1] ECF No. 37.

[2] ECF No. 45.

[3] ECF No. 48-3.

**Background**

It is undisputed that the dangerous condition was created when a bottle of cooking oil that Rosa was placing on a shelf dropped and broke.[4] Rosa testified that, after the spill occurred, he placed a shopping cart that he had with him on one side of the spill and himself on the other (in an effort to block the aisle) and then called to his co-worker for assistance in cleaning the spill.[5] He also testified that Garcia slipped and fell on the slick approximately 10–15 seconds after he had spilled the oil.[6] Rosa was present when Garcia slipped and fell, but he did not see her approach or fall because he was facing the other way.[7] Garcia was not present when Rosa dropped the cooking oil or positioned himself and the cart on opposite sides of the slick, but Garcia saw both Rosa and the cart when she turned into the aisle.[8] Whether Garcia moved the cart that blocked the spill is still disputed.[9]

**Discussion**

**A.   Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[10] When considering summary judgment, the court views all facts and draws

---

[4] ECF No. 45-3 at 8:8–25.

[5] *Id.*

[6] *Id.* at 9:1–3.

[7] *See id.* at 9:4–14.

[8] *See* ECF No. 45-2 at 5:1–8:14.

[9] Although Garcia represents in her response brief that she moved the cart to gain access to the aisle, *See* ECF No. 48 at 2, the record contains conflicting evidence on this material issue. Garcia testified in the deposition that she did not move the cart before she slipped and fell. ECF No. 45-2 at 8:4–11. Rosa, however, testified that when he turned to face Garcia and the cart after Garcia fell, he noticed that the cart was not in the same position that he had left it. ECF No. 45-3 at 12:7–18.

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

all inferences in the light most favorable to the nonmoving party.[11]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[12]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[13]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts;" she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[14]

**B.     Summary judgment is not available because disputed issues of fact remain regarding whether Rosa acted reasonably.**

To prevail on a negligence claim under Nevada law, a plaintiff must show that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages."  A business owes its patrons a duty to keep the premises in a reasonably safe condition for use.[15]  A foreign substance on the floor is generally not consistent with the ordinary standard of care.[16]  If a business or its agent creates the hazard, the business will be liable; if someone else creates the hazard, the owner is liable only if it had actual or constructive notice of the hazard and

---

[11] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[12] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[14] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

[15] *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49 (Nev. 1964).

[16] *Id.* at 50.

failed to remedy it.[17]  "Summary judgment is rarely granted in negligence cases because the issue of '[w]hether the defendant acted reasonably is ordinarily a question for the trier of fact.'"[18]

Wal-Mart argues that Rosa, who had approximately 10–15 seconds between when the spill occurred and Garcia slipped and fell in it, acted as any reasonably prudent and cautious employee would have under the circumstances and therefore did not breach the duty that Wal-Mart owed to Garcia.  Garcia responds that Rosa failed to follow three of Wal-Mart's policies regarding spills: (1) not to leave the spill unattended; (2) not to leave an unattended shopping cart on the sale floor; and (3) to always have a towel in pocket for cleaning up spills.[19]  Wal-Mart replies that, because Rosa did not flat-out violate any of Wal-Mart's safety policies, his behavior did not reach the threshold of negligence and that Rosa's placement of the cart and himself on opposite sides of the spill sufficiently warned Garcia of the dangerous condition.  But, Garcia counters, rather than warn her about the hazard or remedy the situation, Rosa's actions made the situation more dangerous.

Courts are hesitant to grant summary judgment in negligence cases, and I am similarly hesitant to do so in this case.  "Although an accident occurring on the premises does not itself establish negligence[,]"[20] it is undisputed that the dangerous condition in this case was created by a Wal-Mart employee and that the same employee had taken steps to remedy the situation before the slip and fall occurred.  Wal-Mart and Rosa genuinely believe that Rosa did everything in his power to guard and remedy the spill that he had mistakenly created, but their belief does not answer the question of whether Rosa's actions were reasonable.[21]  That Rosa had his back to Garcia and the spill when Garcia fell, and that Garcia was unaware of the spill and slipped and

---

[17] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322–323 (Nev. 1993).

[18] *Christensen v. Georgia-Pacific Corp.*, 279 F.3d 807, 813 (9th Cir. 2002) (quoting *Martinez v. Korea Shipping Corp., Ltd.*, 903 F.2d 606, 609 (9th Cir. 1990)).

[19] ECF No. 48 at 3–7.

[20] *Sprague*, 849 P.2d at 322.

[21] *Opp IX, L.P.,* 919 P.2d 1074.

fell despite Rosa's precautions, demonstrate that the reasonableness of Rosa's actions is genuinely disputed. Because Wal-Mart demanded a jury trial consistent with FRCP 38(b) and L.R. 38-1 when it removed this case from state court, whether Rosa breached the duty of care or acted reasonably is a question that the jury must answer.[22]

## Conclusion

Accordingly, it is HEREBY ORDERED that **Wal-Mart's motion for summary judgment [ECF No. 45] is DENIED**.

This case is referred to a magistrate judge for a mandatory settlement conference. The parties' obligation to file their joint pretrial order is stayed until 15 days after the settlement conference has occurred.

DATED: July 15, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[22] *See Riley v. Opp IX, L.P.,* 919 P.2d 1071, 1074, (Nev. 1996) ("Issues of foreseeability, proximate cause, and reasonableness usually present questions of fact for the jury.").